■ In the Matter of the Claim of WILLIAM BROCKINGTON, Respondent, against YOUNGS MERCHANDISING CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— The employer and its insurance carrier appeal from a decision and award made by the Workmen's Compensation Board to a former employee of the appellant employer. On December 22, 1944 claimant was employed as a salesman and stock clerk in one of the retail stores of the employer. He had some sort of a seizure, the precise nature of what is in dispute, while trying to place some boxes containing hats upon a shelf. He became dizzy, felt weak in his arm and leg, and fell. The next thing he remembered he was in a hospital. No one witnessed the occurrence although another employee heard the boxes fall. Claimant remained in the hospital for about three months and was confined to his apartment for some three and a half years thereafter. When he was able to walk he visited the store on several occasions. During all this period of time claimant never said anything about an accident, or claimed that he had one. Six years after the occurrence and on August 21, 1950 he filed a claim for compensation. The referee denied the claim on the ground that it was not timely filed. The board however has taken the view that the employer made an advance payment of compensation and hence waived the failure of claimant to timely file a claim. It seems that claimant was paid a month's wages following his seizure and illness. An official of the employer testified that it was customary to pay employees who became ill a month's wages following their illness. There is no substantial evidence in the record to support the findings of the board that

there was an industrial accident; that the employer knew anything about an alleged accident; or that it made any advance payment of compensation as that term has been construed (*Matter of Lombardo* v. *Endicott Johnson Corp.,* 275 App. Div. 18). Decision and award reversed and claim dismissed, with costs against the Workmen's Compensation Board. Foster, P. J., Bergan, Coon, Zeller and Gibson, JJ., concur.